THOMAS' EXECUTORS *vs.* ANDERSON'S ADMINISTRATOR and others.

A gift of the interest of $12,000 to A during life, and, at her death, of the principal to B, is a vested legacy, and if A survives B, goes, upon her death, to B's representatives.

This cause was heard upon bill and answers.

*Mr. A. P. Condit*, for complainants.

*Mr. Bradley*, for residuary legatees.

*Mr. Teese*, for Anderson's administrator.

THE CHANCELLOR.

The main question in this case arises upon the will of Luther Goble, deceased. It is whether a bequest to his daughter Abby, whose administrator is one of the defendants, was vested, or contingent, and lapsed upon her death. The will provides as follows: "I give unto my beloved wife, during her natural life, the yearly interest of $12,000, to be paid to her in half-yearly payments, by my executors. At her death I give the said $12,000 to my and her daughter Abby." Abby, the daughter, was twelve years old at her father's death, married Richard Anderson, and died in the lifetime of her mother, leaving children who are still living. The bill is filed by the executors of the surviving executor of Luther Goble, who have the fund in their hands, and pray

Thomas' Executors *v.* Anderson's Administrator

the direction of the court as to the disposition of it. The residuary legatees under the will of L. Goble, the administrator of Abby Anderson, and the administrator of the widow of Luther Goble, are defendants.

The residuary legatees contend that the legacy to Abby was contingent on her surviving her mother, and lapsed, by her death, into the residuum of the estate.

A legacy given at a future day, or at or upon a future event, may be vested or contingent; it is always contingent, if given at or upon an event which may or may not happen, as upon coming of age, or marriage, or surviving some living person. But it is further contended that a legacy given at a certain definite time, as ten years after a fixed day, or at a certain event, as at the death of A, which is certain to occur, is a contingent legacy, and will lapse if the legatee dies before the day or event.

This is contrary to the settled doctrine of the common law as to the vesting of remainders in real estate. By that, any remainder given upon an event which is certain to happen, as the death of a living person, is vested, and not contingent.

This doctrine as to legacies, that when given at a future day or at a certain event they will lapse by the death of the legatee, is laid down by elementary writers subject to some exceptions, which render the application doubtful. It seems to be founded on, and supported by a single decided case, though countenanced by the dicta of judges in one or two other cases, in which it was not the question decided. In 1 *Jarman on Wills* 760, it is said that when a sum of money is bequeathed at the expiration of a definite period, say ten years from the decease of the testator, the vesting, not the payment merely, is deferred; it is there joined, and put on the same footing, with a bequest to one at the age of twenty-one, which is always an uncertain event. The authority cited is *Smell* v. *Dee, Salk.* 415. In 1 *Williams on Executors* 1107, the doctrine of that case is cited with approbation, and the dicta in *Bruce* v. *Charlton,* 13 *Sim.* 68, are referred to in support of it.

The case of *Smell* v. *Dee* expressly supports that doctrine, and the decision is founded upon it, but the decision is not supported by the authorities referred to, and is contrary to the uniform current of later decisions in England and this country, and the number maintaining the opposite doctrine is large. The dictum of Vice Chancellor Shadwell, in *Bruce* v. *Charlton,* is simply a repetition, almost verbatim, of the doctrine laid down in *Smell* v. *Dee,* stating it to be the established law. He was not called on, in that case, to examine into or apply it. He applies it to a supposed case, not to the facts on which he was called to decide. This doctrine is said to be founded on passages in Swinburne, and on the doctrine of the Civil law, which is the foundation, to a great extent, of our testamentary law as to legacies. But Swinburne expressly states that a legacy given at a future day or certain time, as at Easter, 1600, vests at the death of the testator. Part VII, section 23. And the Civil law is stated by Domat in section 8, title 1, (of Testaments), book 3, part 2, as follows : " The terms of legacies fixed to a certain day, such as the first day of such a year, or within such a time, do not make a condition on which the legacy may depend ; and the effect of these terms is only to defer the delivery of the legacy, the right to which is already acquired by the legatee, and which, were it not for the term, would be due instantly." And although in the next section, the rule of the Civil law is stated to be different when the legacy is given at the death of another, yet it is clear that the rule in *Smell* v. *Dee* is not derived from or founded on the Civil law, for that was a legacy payable in ten years.

In *Williams on Executors* 1117, reference is made to a note in *Fearne* 554, as supporting the doctrine ; that note relies on two cases, neither of which in any way sustain the doctrine contended for.

The English cases, in which a legacy is held to be vested when the income of a fund is given to one for life, and the principal to another at the death of such legatee for life, are numerous, and in accord with each other.

In *Monkhouse* v. *Holme*, 1 *Bro. C. C.* 298, testator gave to his wife the interest of £800 for her life, and after her decease disposed of the £800 as follows: to B. £100, M. £200, &c. One of these reversionary legatees died before the widow. Lord Loughborough held the legacy vested. In *The Attorney-General* v. *Crispin*, 1 *Bro. C. C.* 386, the will gave several annuities, and after the decease of the annuitants, £50 each to the children of D. R. He had seven children, six of whom died before the annuitants. The legacies were held to be vested. *Benyon* v. *Maddison*, 2 *Bro. C. C.* 75; *Scurfield* v. *Howes*, 3 *Bro. C. C.* 77; *Taylor* v. *Langford*, 3 *Ves.* 119; *Lane* v. *Goudge*, 9 *Ves.* 226; *Cousins* v. *Schroder*, 4 *Sim.* 23; *Locker* v. *Bradley*, 5 *Beav.* 593; are all cases in which the income of a fund was given to one person for life, and at his death the principal was given to another, and in which the legatee of the principal died in the life of the legatee of the income; and it was held in all, that the legacy of the principal was vested, and did not lapse by such death.

The cases in the courts of this country maintain the same doctrine. *Fay* v. *Sylvester*, 2 *Gray* 171; *Barton* v. *Bigelow*, 4 *Gray* 353; *Barker* v. *Woods*, 1 *Sandf. Ch.* 129; are all cases in which the income of a certain fund was given to one person for life, and at her death the principal to other persons; and it was held that the gift of the principal was vested, and did not lapse by dying before the legatee of the income, and this was the point decided in each case. In *Van Wyck* v. *Bloodgood*, 1 *Bradf.* 154, the question arose under the same circumstances; the whole subject was there considered and examined by the surrogate with great learning and ability, and most of the cases bearing upon the question referred to and examined, and the same result is reached, that in such case the bequest of the principal vests at the death of the testator.

The conclusion to which these adjudications have reached is one founded on reason and principle, as well as authority, and will in most cases give effect to the intention of the

testator, especially where the bequest is one to a child or a descendant.

In England, in this state and many other states, the legislature has changed the established doctrine of the common law, that a legacy lapses by the death of the legatee in the lifetime of the testator, so that the doctrine of lapse does not apply to a gift to a child or descendant of the testator.

The cases which seem to conflict with the above conclusion, are all cases in which the event or time upon or at which the legacy was given was uncertain or contingent, as upon the legatee arriving at full age, or being married, which may never occur; such provision makes the legacy itself contingent, and of course it becomes void by the death of the legatee before the event occurs. The words "at" and "when" in such cases annexed to marriage or coming of age in the gift itself, and not merely in the payment, are held to apply to the substance of the gift, and not to the time of payment, and it is in these cases of a gift or an uncertain event, that the contingency is held to be obviated by certain prior dispositions of the fund or its income. It is to such cases and to them only, that the distinction between a gift of a legacy at a future event, and the gift of a legacy to be paid at such event, applies. If the contingency does not apply to the gift, but only to the payment, the legacy vests, and the payment is postponed. A bequest of a sum to A when he shall arrive to the age of twenty-one, is contingent and may lapse. A bequest to A to be paid when he shall be twenty-one, vests the legacy, but postpones the time of payment, and the legacy does not lapse before that time.

In this case I do not think that the doctrine of appropriation can apply. No fund has been set aside or appropriated for the annuity by any competent court. Nor have the executors done any act by which either they or the legatee are bound, or entitled to consider the securities in which this $12,000 is now invested, as appropriated to this legacy, and as payment of it.

The administrator of Abby Anderson is entitled to receive

the sum of $12,000, with interest on it from the death of Mrs. Goble. The surplus, if any, must pass into the residue of the estate.